UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| DEBORAH PRIETO, | No. CV 07-6467 (SH) |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

    This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's application for Supplemental Security Income under Title XVI of the Social Security Act. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings, the defendant has filed the certified transcript of record, and the parties have filed a joint stipulation. After reviewing the matter, the Court concludes that the decision of the Commissioner should be reversed and remanded.

    On March 25, 2003, plaintiff Deborah Prieto filed an application for Supplemental Security Income alleging an inability to work since January 1, 2001, due to arthritis

(including arthritis in the shoulders), hepatitis-C, obesity and depression. (Administrative Record ["AR"] 44-58). On July 7, 2005, an Administrative Law Judge ("ALJ") determined that plaintiff was not disabled within the meaning of the Social Security Act. (AR 12-18).

Following the Appeal Council's denial of plaintiff's request for a review of the hearing decision (AR 4), plaintiff filed a Complaint challenging the ALJ's decision. On September 19, 2006, pursuant to the parties' stipulation for a voluntary remand, the Court ordered that the matter be remanded to the ALJ, with directions to address plaintiff's obesity as a factor of disability under Social Security Ruling 02-01p.

On August 9, 2007, the ALJ (on remand) determined that plaintiff was not disabled within the meaning of the Social Security Act. (AR 462-69).

Plaintiff makes three challenges to the ALJ's determination. Plaintiff alleges that the ALJ erred (1) in failing to adequately consider whether plaintiff's impairments met or equaled a Listing; (2) in failing to provide specific and legitimate reasons to reject the opinion of plaintiff's treating physician; and (3) in failing to provide clear and convincing reasons to reject plaintiff's subjective pain limitations.

For the reasons discussed below, the Court finds that plaintiff's first claim of error does have merit. Since the matter is remanded based on plaintiff's first claim of error, the Court will not address plaintiff's second and thirds claims of error.

**ISSUE NO. 1:**

Plaintiff asserts that the ALJ failed to adequately consider whether plaintiff's impairments (i.e., left shoulder, left foot, cervical spine, obesity, hepatitis C) met or equaled Listings 1.08, 1.07, or 1.04, or a combination of them. Defendant argues that the ALJ properly assessed that plaintiff's impairments did not meet or equal those Listings, either singly or in combination.

If a plaintiff suffers a severe impairment, the ALJ is required to decide whether the impairment meets or equals one of the listed impairments. See 20 C.F.R. §§ 404.1520(d), 416.920(d); Young v. Sullivan, 911 F.2d 180, 181 (9th Cir. 1990); Marcia v. Sullivan, 900 F.2d 172, 174 (9th Cir. 1990). Disability is presumed if a plaintiff's impairment or combination of impairments meets or is medically equivalent to one of the listed impairments. 20 C.F.R. §§ 404.1520(d), 416.920(d); Bowen v. Yuckert, 482 U.S. 137, 141-42, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); Barker v. Secretary of Health & Human Servs., 882 F.2d 1474, 1477 (9th Cir. 1989). An impairment meets a listed impairment if a plaintiff has "a medically determinable impairment(s) that satisfies all of the criteria of the listing." 20 C.F.R. §§ 404.1525(d), 416.925(d); see also Sullivan v. Zebley, 493 U.S. 521, 531, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990). The criteria of a listed impairment cannot be met solely based on a diagnosis. 20 C.F.R. §§ 404.1525(d), 416.925(d); see also Key v. Heckler, 754 F.2d 1545, 1549-50 (9th Cir. 1985). An impairment is "medically equivalent to a listed impairment . . . if it is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 404.1526(a), 416.926(a). If an impairment is not described in the listed impairments, or if the combination of impairments does not meet one of the listed impairments, the determination of medical equivalence is based on a comparison of findings (concerning a plaintiff) "with those for closely analogous listed impairments." 20 C.F.R. §§ 404.1526(b), 416.926(b). The decision is based on "all evidence in [a plaintiff's] record about [his or her] impairment(s) and its effect on [a plaintiff] that is relevant to this finding" and on designated medical or psychological consultants. 20 C.F.R. §§ 404.1526(c), 416.926(c).

Listing 1.08 requires "[s]oft tissue injury (e.g., burns) of an upper or lower extremity, trunk, or face and head, under continuing surgical management, as defined in 1.00M, directed toward the salvage or restoration of major function, and such major function was not restored within 12 months of onset." 20 C.F.R. § 404, Subpart P, Appendix 1, Listing of Impairments 1.08.

Listing 1.07 requires "[f]racture of an upper extremity with non-union of a fracture of the shaft of the humerus, radius, or ulna, under continuing surgical management, as defined in 1.00M, directed toward restoration of functional use of the extremity, and such function was not restored or expected to be restored within 12 months of onset."

The phrase "under continuing surgical management" is defined as follows: "Under continuing surgical management, as used in 1.07 and 1.08, refers to surgical procedures and any other associated treatments related to the efforts directed toward the salvage or restoration of functional use of the affected part.  It may include such factors as post-surgical procedures, surgical complications, infections, or other medical complications, related illnesses, or related treatments that delay the individual's attainment of maximum benefit from therapy."  20 C.F.R. § 404, Subpart P, Appendix 1, Listing of Impairments 1.00M.

Listing 1.04 requires "[d]isorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoditis, spinal stenosis, oseoarthritis, degenerative disc disease, facet arthristis, verterbral fracture), resulting in compromis of a nervice root (including the cauda equina) or the spinal cord."  20 C.F.R. § 404, Subpart P, Appendix 1, Listing of Impairments 1.04.  Listing 1.04 further requires one of the following:  "Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)"; "Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours"; or "Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on

appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively as defined in 1.00B2b."[1]  Id.

At the hearing before the ALJ, the plaintiff asserted that she had left shoulder, left foot and cervical spine impairments that individually, and in combination with obesity, met or equaled one of the listed impairments.  (See AR 683-84).  The ALJ implicitly found that the left shoulder, left foot and cervical spine impairments were not severe.  (See AR 468 [the ALJ found that petitioner had the following severe impairments -- hepatitis C, chirrhosis of the liver, obesity and depressive disorder]).

However, the medical records establish that plaintiff had left shoulder and back impairments for a significant period (see AR 191, 204-05, 23-39 [in November 2002 through January 2003, plaintiff complained of back and shoulder pain, and January 23, 2003 X-rays showed narrowing of disk spaces, particularly at C5-C6], 240-42 [a January 25, 2003 MRI of the cervical spine showed "left lateral disc protrusion at C5-6 associated with mass effect on the cervical cord with moderate to sever spinal canal stenosis and appears to significantly narrow the left neural foramen and may impinge on the nerve root" and "mild bulging disc with posterior osteophyte at C4-5 with mild spinal canal stenosis"; a January 25, 2003 of the left shoulder showed "partial articular surface tears of the supraspinatus and infraspinatus tendons distally" and a "3 mm subacromial spur with mild hypertrophic changes in the acrominclavicular joint"], 232, 301-02, 305-10 [plaintiff continued to suffer left shoulder and back pain, and was referred to an orthopedic physician on April 18, 2003], 299-300, 303-04 [while waiting for authorization to see an orthopedic physician, plaintiff continued to suffer left shoulder and back pain); 316-17, 378 -80 [on April 26, 2004, a treating orthopedic physician diagnosed plaintiff with "tendinitis of the left shoulder with partial tear with

---

[1]  "Inability to ambulate effectively" is defined as "an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities."  20 C.F.R. § 404, Subpart P, Appendix 1, Listing of Impairments 1.00B2b(1).

impingement" and "cervical spine C5-C6 stenosis due to disc protrusion," and recommended "arthroscopic surgery for subacromial depression."); 337-38, 377 [in July and August 2004, the treating orthopedic physician noted that plaintiff had tenderness and decreased range of motion in the left shoulder]; 371 [on August 17, 2004, plaintiff had surgery on her left shoulder], 398-99 [in December 2005, plaintiff still was suffering left shoulder and back pains]. The medical records also establish that plaintiff had a left foot impairment for a significant period (see AR 497, 667 [on December 15, 2005, plaintiff suffered heel pain, which was diagnosed to be caused by plantar fasciitis], 640-41, 666-67 [on February 22, 2007, plaintiff had left foot plantar fasciitis surgery], 654, 665-66 [as of June 2007, plaintiff continued to suffer pain in her left foot]. Therefore, it appears that plaintiff met her burden of showing that her left shoulder, cervical spine and left foot impairments, singly or in combination with her obesity, were severe. See 20 C.F.R. § 416.920(c) (An impairment or a combination of impairments is severe if it significantly limits a plaintiff's physical or mental ability to perform basic work activities); 20 C.F.R. § 416.921(b) (stating that basic work activities relate to the abilities and aptitudes necessary to perform most jobs, such as the ability to perform physical functions, the capacity for seeing, hearing and speaking, and the ability to use judgment, respond to supervisors, and deal with changes in the work setting); Bowen v. Yuckert, supra, 482 U.S. at 146 (The severe impairment requirement is a threshold element which plaintiff must prove in order to establish disability under the Act); Smolen v. Chater, 80 F.3d 1273, (An impairment or a combination of impairments is considered nonsevere only when the medical evidence "establishes only a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'").

In his decision, the ALJ incorporated by reference medical records discussing plaintiff's left shoulder and cervical spine issues (as reported in the ALJ's July 7, 2005

decision, AR 13-14), and cited additional medical records discussing plaintiff's left shoulder, left foot, lumbar spine, obesity and hepatitis C issues. (See AR 464-65). The ALJ concluded that "[t]he objective medical evidence shows that [plaintiff] does not have an impairment or combination of impairments that meet the level of severity required by the Listing of Impairments in Appendix 1, Subpart P, Regulations No. 4." (AR 463). Although the ALJ discussed in general terms the combined effects of plaintiff's impairments with obesity (see AR 465), the ALJ did not consider plaintiff's left shoulder, left foot and cervical spine impairments in combination with her obesity. It does not appear that the ALJ considered whether plaintiff's impairments or combination of impairments met or equaled Listings 1.08, 1.07 or 1.04. Indeed, the ALJ did not cite any specific Listings. Therefore, the ALJ erred in failing to determine whether plaintiff's impairments, either singly or in combination, met or equaled those Listings.

## ORDER

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings in accordance with the decision, pursuant to Sentence 4 of 42 U.S.C. § 405(g).

DATED: November 25, 2008

/ s /

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE